UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BRANDON ALEXANDER RAMIREZ GUDIEL,

Petitioner,

v.

JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MATT CLIFFORD, Sheriff of Ada County,

Respondents.

Case No. 1:26-cv-00513-AKB

**ORDER DENYING PETITION FOR HABEAS CORPUS**

Pending before the Court is Petitioner Brandon Alexander Ramirez Gudiel's Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court denies the Petition and denies the TRO as moot.

## I. BACKGROUND

Petitioner, a native of Guatemala, has lived in the United States since his entry without inspection in 2023 (Dkt. 1 ¶ 1; Dkt. 2 at 5). On August 6, 2026, Immigration and Customs Enforcement (ICE) agents placed a detainer on Petitioner while he was detained at the Ada County Jail in Idaho on a charge of resisting and obstructing arrest (Dkt. 1 ¶¶ 3–5; Dkt. 5-1 ¶ 15). Petitioner filed a petition for habeas relief on August 11, arguing his detention was unlawful because ICE

"failed to make an appropriate initial custodial determination" (Dkt. 1 ¶ 25). Petitioner was subsequently taken into ICE custody on August 12 (Dkt. 5-1 ¶ 17). That same day, ICE conducted an initial custody determination under § 1226(a) and determined that Petitioner was a flight risk because the probable cause report from his recent resisting arrest charge indicated that Petitioner actively resisted arrest by pulling away from officers while they attempted to place him in handcuffs (Dkt. 5-1 ¶ 18; Dkt. 5-2 at 3). ICE then notified Petitioner of its decision; served him with a Form I-286 (notice of custody determination); and explained to him his right to request a bond hearing before an immigration judge (IJ), though Petitioner refused to sign the form or indicate whether he requested a custody review by an IJ (Dkt. 5-1 ¶ 19; Dkt. 5-3 at 2). Petitioner has an initial master calendar hearing before the Tacoma Immigration Court on August 26 (Dkt. 5-1 ¶ 21). He is currently detained at the Elmore County Jail in Mountain Home, Idaho (*id.* ¶ 20).

On August 12, 2026, the Court ordered Respondents to respond to Petitioner's petition (Dkt. 4). Briefing is now complete, and the issue is ripe for a decision.

## II. ANALYSIS

The Court has addressed countless immigration-habeas petitions over the last ten months, all relating to the detention provisions at §§ 1226(a) and 1225(b)(2). Until recently, ICE treated every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they had lived in the United States. *See Guadarrama Ayala v. Henkey*, No. 25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025). The Ninth Circuit has now definitively ruled that § 1226 applies to unadmitted aliens present in the interior of the country, while § 1225 applies to unadmitted aliens entering the United States at the border. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026

WL 2196424, at *26 (9th Cir. July 30, 2026). ICE has since received updated guidance about reassessing custody of detainees under § 1226(a) pursuant to *Rodriguez Vazquez*. *See* Declaration of Jared D. Callahan ¶ 10, *Sanchez Ramirez v. Knight*, No. 26-cv-00498-AKB (D. Idaho Aug. 12, 2026), Dkt. No. 9-1.

Unlike previous petitions, wherein the Court held the petitioner's detention was governed by § 1226(a)—not § 1225(b)(2)(A)—Petitioner was detained under § 1226(a) at the onset (Dkt. 1 ¶ 7; Dkt. 2-1 at 6). Respondents maintain that ICE provided Petitioner with the process due under § 1226(a), and therefore no due process violation occurred (Dkt. 5 at 1–2). Therefore, the question is whether Petitioner's detention comports with § 1226(a). The Court finds that it does.

To determine whether a due process violation occurred, the Court begins with the regulatory framework governing an alien's initial detention and custody determination under § 1226(a). Section 1226(a) permits the government to detain a noncitizen pending a decision on whether the noncitizen should be removed. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). The regulations governing an alien's detention following arrest provide different procedures depending on whether the arrest was made pursuant to a warrant. A noncitizen detained without a warrant must receive an initial custody determination within 48 hours of arrest, absent an emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.* § 236.1(d).

If the alien is denied bond, or was arrested pursuant to a warrant, he can seek an individualized bond hearing before an IJ at any time before a final order of removal. *Id.* § 236.1(d)(1). Following a request for a bond hearing, the IJ must schedule the bond hearing at "the earliest possible date." *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1226 (S.D.

Cal. 2019) (quoting Immigration Court Practice Manual, Chapter 9.3(d)). At the bond hearing, the alien has the burden of demonstrating by a preponderance of the evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The IJ's decision may then be appealed to the Board of Immigration Appeals (BIA). § 236.1(d)(3). If the BIA affirms, the detainee may seek habeas relief in federal district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). While district courts have jurisdiction to review bond determinations for constitutional error, *Rodriguez Diaz*, 53 F.4th at 1209, district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a), § 1226(e).

Here, Petitioner filed a habeas petition prior to being taken into ICE custody and thus before ICE could conduct an initial custody determination (Dkt. 5-1 ¶¶ 16–18; Dkt. 5-3 at 2). The record reflects that ICE detained Petitioner;[1] made an initial custody determination;[2] and served Petitioner with a Form I-286 on August 12—within 48 hours of his arrest. Thus, the record does not establish that Petitioner was unlawfully detained at any point.

Petitioner argues that even if he was properly detained, release is still the appropriate remedy because of the likelihood that any subsequent bond hearing in front of an IJ "would not be held in a constitutionally adequate manner" (Dkt. 6 at 2). The Court is not persuaded. Petitioner's argument rests on speculation about a future proceeding, and the declarations Petitioner submits

---

[1] It is unclear whether Petitioner was arrested with or without a warrant. Because Petitioner does not challenge the initial arrest, the Court does not address it here.

[2] The Court expresses no opinion on whether Petitioner's pending charge for resisting arrest is sufficient to support a finding that he is poses a flight risk.

concerning bond hearings in other cases do not establish that the procedures applied at his future bond hearing will violate due process (Dkt. 6-1; Dkt. 6-2; Dkt. 6-3). Moreover, this Court has reviewed the adequacy of bond hearings conducted in multiple cases and has found all those hearings comported with due process. *See, e.g.*, *Custodio Ixcoy v. Leyva*, No. 26-cv-00298-AKB, 2026 WL 1965708 (D. Idaho July 7, 2026). The Court therefore declines to order Petitioner's release based on a constitutional violation that has not occurred. If Petitioner later receives a bond hearing and believes the IJ's decision or the procedures employed violate his constitutional rights, he may appeal the decision to the BIA. § 236.1(d)(3); *see also Leonardo*, 646 F.3d at 1160 (explaining that pursuit of habeas review of an IJ's adverse bond determination before appealing to the BIA was an improper "short cut"); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (holding that petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"). Only after Petitioner has exhausted his administrative remedies may he seek habeas relief. *See Leonardo*, 646 F.3d at 1160.

Petitioner is entitled to the process due under § 1226(a) and the regulations governing his detention. As a noncitizen detained under § 1226(a), Petitioner has a statutory right to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). That is the process to which Petitioner is due. Petitioner has not demonstrated that Respondents have denied him that process or otherwise violated the procedures governing his detention. Therefore, because Petitioner is presently detained pursuant to § 1226(a) and has not demonstrated a violation of the governing procedures, the petition must be dismissed.

## III. ORDER

**IT IS ORDERED that:**

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED WITHOUT PREJUDICE.**

2. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT.**

3. The provisions of the Court's prior order preserving the status quo including the restrictions on Respondents' removal of Petitioner and communications with Petitioner regarding abandonment of his rights (Dkt. 4), are **DISSOLVED** upon entry of judgment in this action.

DATED: September 03, 2026

Amanda K. Brailsford
U.S. District Court Judge